IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DICAM, INC.

    Plaintiff,

v.

NEC CORPORATION,

MITSUBISHI ELECTRIC CORPORATION,

MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.,

SHARP CORPORATION,

PANASONIC CORPORATION,

TOSHIBA AMERICA CONSUMER PRODUCTS, LLC,

UTSTARCOM, INC.,

HITACHI, LTD.,

HEWLETT-PACKARD COMPANY,

VK CORPORATION,

    Defendants.

CIVIL ACTION NO. _____

## **COMPLAINT**

Plaintiff Dicam, Inc. ("Dicam"), by and through counsel, for its Complaint against Defendants NEC Corporation, Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc., Sharp Corporation, Panasonic Corporation, Toshiba America Consumer Products, LLC, UTStarcom, Inc., Hitachi, Ltd., Hewlett-Packard Company, and VK Corporation (collectively "Defendants") alleges as follows:

**PARTIES AND JURISDICTION**

1.  Plaintiff Dicam is a Virginia corporation and has a principal place of business in Charlottesville, Virginia.

2.  Defendant NEC Corporation ("NEC") has a principal place of business at 7.1, Shiba 5-chome, Minato-ku, Tokyo 108-8001, Japan.  NEC has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia.  NEC has caused tortious injury by an act or omission in the Commonwealth of Virginia.  NEC has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

3.  Defendant Mitsubishi Electric Corporation ("Mitsubishi") has a principal place of business at Tokyo Building, 2-7-3, Marunouchi, Chiyoda-ku, Tokyo 100-8310 Japan.  Mitsubishi has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia.  Mitsubishi caused tortious injury by an act or omission in the Commonwealth of Virginia.  Mitsubishi has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

4.  Defendant Mitsubishi Electric & Electronics USA, Inc. ("Mitsubishi USA") is a Delaware corporation and has a principal place of business at 5665 Plaza Drive, Cypress, California 90630.  Mitsubishi USA has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia.  Mitsubishi USA has caused tortious injury by an act or omission in the Commonwealth of Virginia.  Mitsubishi USA has caused tortious injury by an act or omission outside the Commonwealth of Virginia because

of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

5. Defendant Sharp Corporation ("Sharp") has a principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8422 Japan. Sharp has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. Sharp has caused tortious injury by an act or omission in the Commonwealth of Virginia. Sharp has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

6. Defendant Panasonic Corporation ("Panasonic") has a principal place of business at 1006, Oaza Kadoma, Kadoma-shi, Osaka 571-8501, Japan. Panasonic has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. Panasonic has caused tortious injury by an act or omission in the Commonwealth of Virginia. Panasonic has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

7. Defendant Toshiba America Consumer Products, LLC ("Toshiba") is a New Jersey corporation and has a principal place of business at 82 Totowa Road, Wayne, New Jersey 07470. Toshiba has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. Toshiba has caused tortious injury by an act or omission in the Commonwealth of Virginia. Toshiba has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

8. Defendant UTStarcom, Inc. ("UTStarcom") is a Delaware corporation and has a principal place of business at 3800 Golf Road, Rolling Meadows, Illinois 60008. UTStarcom has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. UTStarcom has caused tortious injury by an act or omission in the Commonwealth of Virginia. UTStarcom has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

9. Defendant Hitachi, Ltd. ("Hitachi") has a principal place of business at 6-6, Marunouchi 1-chome, Chiyoda-ku, Tokyo, 100-8280, Japan. Hitachi has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. Hitachi has caused tortious injury by an act or omission in the Commonwealth of Virginia. Hitachi has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

10. Defendant Hewlett-Packard Company ("HP") is a Delaware corporation and has a principal place of business at 3000 Hanover Street, Palo Alto, California, 94304. HP has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the Commonwealth of Virginia. HP has caused tortious injury by an act or omission in the Commonwealth of Virginia. HP has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

11. Defendant VK Corporation ("VK") has a principal place of business at VK Building, 548-6, Anyang Dong, Manan-gu, Anyang City, Kyonggi do, 430-716, Korea. VK has transacted business in the Commonwealth of Virginia, and has contracted to supply things in the

Commonwealth of Virginia. VK has caused tortious injury by an act or omission in the Commonwealth of Virginia. VK has caused tortious injury by an act or omission outside the Commonwealth of Virginia because of its regular solicitation of business and receipt of substantial revenues from goods used or consumed in the Commonwealth of Virginia.

## NATURE OF ACTION

12. This is an action for infringement of United States Patent No. 4,884,132 ("the '132 Patent") under 35 U.S.C. § 271.

## JURISDICTION AND VENUE

13. This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, *et seq.* This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

14. Based on the facts and causes alleged herein, this Court has personal jurisdiction over Defendants.

15. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

16. On November 28, 1989, the '132 Patent was issued to inventors James A. Morris, Terry F. Morris and Frank O. Birdsall for a personal security system including a handheld unit.

17. On July 13, 2007, the '132 Patent was duly and properly assigned to Dicam, together with all right, title and interest in and to the '132 Patent in the United States, expressly including the right to sue for all damages for past, present and future infringements of the '132 Patent. Since that date, Dicam has been, and remains, the owner of the '132 Patent.

**NEC**

18. NEC is and/or has been a leading manufacturer of mobile devices, including cellular phones.

19. NEC cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

20. NEC cellular phones are and/or have been sold, offered for sale, and/or advertised through AT&T.

21. NEC has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

22. NEC has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**MITSUBISHI**

23. Mitsubishi is and/or has been a leading manufacturer of mobile devices, including cellular phones.

24. Mitsubishi cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

25. Mitsubishi cellular phones are and/or have been sold, offered for sale, and/or advertised through AT&T.

26. Mitsubishi has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

27. Mitsubishi has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**MITSUBISHI USA**

28.     Mitsubishi USA is and/or has been a leading manufacturer of mobile devices, including cellular phones.

29.     Mitsubishi USA cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

30.     Mitsubishi USA cellular phones are and/or have been sold, offered for sale, and/or advertised through AT&T.

31.     Mitsubishi USA has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

32.     Mitsubishi USA has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**SHARP**

33.     Sharp is and/or has been a leading manufacturer of mobile devices, including cellular phones.

34.     Sharp cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

35.     Sharp cellular phones are and/or have been sold, offered for sale, and/or advertised through T-Mobile.

36.     Sharp has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

37.     Sharp has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**PANASONIC**

38. Panasonic is a manufacturer of mobile devices, including cellular phones.

39. Panasonic cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

40. Panasonic cellular phones are and/or have been sold, offered for sale, and/or advertised through Cingular.

41. Panasonic has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

**TOSHIBA**

42. Toshiba is and/or has been a leading manufacturer of mobile devices, including cellular phones.

43. Toshiba cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

44. Toshiba cellular phones are and/or have been sold, offered for sale, and/or advertised through Sprint.

45. Toshiba has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

46. Toshiba has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**UTSTARCOM**

47. UTStarcom is and/or has been a leading manufacturer of mobile devices, including cellular phones.

48. UTStarcom cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

49. UTStarcom cellular phones are and/or have been sold, offered for sale, and/or advertised through Virgin Mobile.

50. UTStarcom has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

51. UTStarcom has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

## HITACHI

52. Hitachi is and/or has been a leading manufacturer of mobile devices, including cellular phones.

53. Hitachi cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

54. Hitachi cellular phones are and/or have been sold, offered for sale, and/or advertised through Sprint.

55. Hitachi has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

56. Hitachi has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

## HP

57. HP is and/or has been a leading manufacturer of mobile devices, including cellular phones.

58. HP cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

59. HP cellular phones are and/or have been sold, offered for sale, and/or advertised through Cingular and T-Mobile.

60. HP has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

61. HP has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

**VK**

62. VK is and/or has been a leading manufacturer of mobile devices, including cellular phones.

63. VK cellular phones are and/or have been sold and/or advertised throughout the Commonwealth of Virginia and the Western District of Virginia.

64. VK cellular phones are and/or have been sold, offered for sale, and/or advertised through Helio (now known as Virgin Mobile).

65. VK has made, sold, offered for sale, imported, and/or used products embodying the patented invention of the '132 Patent.

66. VK has infringed the '132 Patent by selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

## COUNT I
### (Patent Infringement)

67. Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68. Defendants have been infringing the '132 Patent by making, selling, offering for sale, importing, and/or using products embodying the patented invention during the enforceable patent term of the '132 Patent.

69. Alternatively, each of the Defendants has contributed to or induced the infringement of the '132 Patent by aiding and abetting (a) such Defendant's affiliates and/or subsidiaries; and/or (b) the subsidiaries and/or affiliates of various carriers/service providers to make, sell, offer for sale, import and/or use the patented invention during the enforceable patent term of the '132 Patent.

70. After a reasonable opportunity for further investigation and discovery, Plaintiff is likely to have evidentiary support that Defendants have willfully infringed the '132 Patent.

## DEMAND FOR JURY TRIAL

71. Plaintiff requests a trial by jury for all issues appropriately tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

1. damages no less than a reasonable royalty;

2. an assessment of interest and costs against each Defendant;

3. a finding of willful infringement;

4. a finding that this action is an exceptional case under 35 U.S.C. § 285;

5. an award of treble damages and reasonable attorneys' fees; and

6. any and all such other relief as this Court deems just and proper under the circumstances.

Filed this 8th day of October, 2009.

                                                                                                  DICAM, INC.
                                                                                                  By Counsel

/s/ Mark D. Obenshain
Mark D. Obenshain (VSB #27476)
Nancy R. Schlichting (VSB #65909)
Andrew S. Baugher (VSB #74663)
LENHART OBENSHAIN PC
90 North Main Street, Suite 201
P.O. Box 1287
Harrisonburg, VA  22803
540.437.3100
540.437.3101 fax
mdo@lolawfirm.com
nrs@lolawfirm.com
asb@lolawfirm.com

Jonathan T. Suder
Michael T. Cooke
FRIEDMAN, SUDER & COOKE
604 East Fourth Street, Suite 200
Fort Worth, TX  76102
817.334.0400
817.334.0401 fax
jts@fsclaw.com
mtc@fsclaw.com

224655